IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HRPT Properties Trust, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LINDA LINGLE, in her official ) <br> capacity as Governor of the ) <br> State of Hawaii, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> Citizens for Fair Valuation, ) <br> ) <br> Intervenor- ) <br> Defendant. ) <br> _____ ) | CIV. NO. 09-00375 SOM/KSC <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES |

ORDER ADOPTING FINDINGS AND RECOMMENDATION
REGARDING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

I.      INTRODUCTION.

Plaintiff CommonWealth REIT, formerly known as HRPT Properties Trust, and others (collectively, "CommonWealth") object to the Findings & Recommendation ("F&R") by the Magistrate Judge recommending denial of their motion for attorneys' fees and expenses.

CommonWealth seeks attorneys' fees under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, from Intervenor-Defendant Citizens for Fair Valuation ("CFV"). Magistrate Judge Kevin S.C. Chang determined that CFV was not liable for attorneys' fees because CFV was an innocent

intervenor, and CFV's actions were not frivolous, unreasonable, or without foundation. The Magistrate Judge further found that CommonWealth's fee request was grossly excessive and unreasonable.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing CommonWealth's Objections, the court overrules CommonWealth's Objections to the Magistrate Judge's F&R, and ADOPTS the Magistrate Judge's F&R in its entirety.

II.     FACTUAL BACKGROUND.

The parties are familiar with the background of this case. The court repeats the background facts only as necessary for a decision on the Objections to the Magistrate Judge's F&R, see "Obj.", ECF No. 126, in the discussion section below. Additional background facts are contained in this court's summary judgment order on May 31, 2010, ECF No. 100, and in the Magistrate Judge's F&R on December 21, 2011, ECF No. 123.

On September 29, 2009, CFV filed a motion to intervene. CFV is a nonprofit organization consisting of a number of Plaintiffs' lessees. On October 21, 2009, the Magistrate Judge issued an Order Granting CFV's Motion to Intervene. On May 31, 2010, this court issued an Order Granting Plaintiffs' Motion for Summary Judgment, Denying Defendant Linda Lingle's Second Counter Motion for Summary Judgment, and Denying Intervenor-Defendant

Citizens for Fair Valuation's Counter Motion for Summary Judgment ("SJ Order"). On June 1, 2010, the court entered judgment in favor of CommonWealth and against Defendant Lingle and CFV, pursuant to the SJ Order. On June 3, 2010, the Magistrate Judge granted CommonWealth's request to extend the time for filing a motion for an award of attorneys' fees.

On June 30, 2010, Defendant Lingle filed a Notice of Appeal. On September 29, 2010, CommonWealth and Defendant Lingle reached a settlement agreement. As part of the agreement, CommonWealth agreed not to seek attorneys' fees or costs incurred in this lawsuit from Defendant Lingle, the State, State entities, or other State agents, officers, or employees. Obj., Ex. 1 ¶ 11. On October 18, 2010, the Ninth Circuit issued an Order dismissing the appeal with prejudice pursuant to a stipulation of the parties.

On December 21, 2010, the Magistrate Judge issued his F&R denying Plaintiffs' Motion for Attorneys' Fees and Expenses. Two days later, the court granted CommonWealth's request for an extension of time to file objections to the F&R. On January 28, 2011, CommonWealth filed Objections to the F&R.

III.     STANDARD OF REVIEW.

Congress has empowered magistrate judges, upon referral of dispositive pretrial motions by district judges, to conduct hearings and issue findings and recommendations regarding

dispositive pretrial motions.  See 28 U.S.C. § 636(b)(1)(B); see also Fed. R. Civ. P. 72(b) (promulgating rule).  The Federal Rules of Civil Procedure permit a district judge to similarly refer a post-judgment motion for attorney's fees "as if it were a dispositive pretrial matter," see Fed. R. Civ. P. 54(d)(2)(D), and such motions are customarily referred to magistrate judges in this district, see Local Rule 54.3(h).

The district judge may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  Fed. R. Civ. P. 72(b).  If a party timely objects to portions of the findings and recommendation, the district judge reviews those portions of the findings and recommendation de novo.  Fed. R. Civ. P. 72(b)(3); Local Rule 74.2.  The district judge may consider the record developed before the magistrate judge.  Local Rule 74.2.  The district judge also has discretion to receive further evidence.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 74.2; see also United States v. Raddatz, 447 U.S. 667, 676 (1980) (district judge has wide discretion in deciding whether to allow new evidence).  The de novo standard requires the district court to consider a matter anew and arrive at its own independent conclusions, but a de novo hearing is not ordinarily required. United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Boulware, 350 F. Supp. 2d 837, 841 (D. Haw.

4

2004); Local Rule 74.2.

The district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record. See United States v. Bright, Civ. No. 07-00311 ACK/KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003); Fed. R. Civ. P. 72(b) advisory committee's note.

IV. ANALYSIS.

CommonWealth challenges the Magistrate Judge's F&R and seeks $1,512,949.92 in attorneys' fees and expenses pursuant to 42 U.S.C. § 1988 from CFV. The Magistrate Judge, finding that CFV was not liable for attorneys' fees because CFV was an innocent intervenor, reasoned that it would be inequitable to allow CommonWealth to recover fees from CFV. In its Objections, CommonWealth largely repeats the arguments rejected by the Magistrate Judge. CommonWealth's arguments remain unpersuasive. The Magistrate Judge appropriately recommended that attorneys' fees and costs not be awarded to CommonWealth, and this court adopts the Magistrate Judge's F&R in its entirety.

A. CFV is an Innocent Intervenor.

CFV is an "innocent intervenor" under the definition set forth by the Supreme Court in Independent Federation of Flight Attendants v. Zipes, 491 U.S. 754, 109 S. Ct. 2732 (1989),

and discussed by the Ninth Circuit in <u>Costco Wholesale Corporation v. Hoen</u>, 538 F.3d 1128 (9th Cir. 2008). The word "innocent" refers to "an intervenor who has not been found liable for engaging in unlawful activity." <u>Costco</u>, 538 F.3d at 1134; <u>Sable Commc'ns of Cal. Inc. v. Pac. Tel. & Tel. Co.</u>, 890 F.2d 184, 194 n.20 (9th Cir. 1989). The Magistrate Judge correctly stated that a prior finding of liability for engaging in unlawful activity is a prerequisite to establishing that an intervenor is not innocent.

CommonWealth does not dispute that a finding of unlawful activity is required. Nor does CommonWealth point to anything in the record that constitutes an express finding that CommonWealth engaged in unlawful activity. As the court is unpersuaded by CommonWealth's argument that a finding of illegality is implicit in this court's SJ Order, this court concludes that CFV is "innocent" for purposes of CommonWealth's motion for fees and is not liable for those fees. The SJ Order declared a state law unconstitutional. While it rejected CFV's arguments to the contrary, the SJ Order did not imply that CFV's arguments or actions were illegal.

Furthermore, "§ 1988 fee awards should be made against losing intervenors . . . 'only where the intervenors' action was frivolous, unreasonable, or without foundation." <u>Costco</u>, 538 F.3d at 1133 (quoting <u>Democratic Party of Wash. State v. Reed</u>,

388 F.3d 1281, 1288 (9th Cir. 2004), which in turn quoted Indep. Fed'n of Flight Attendants v. Zipes, 491 U.S. 754, 761 (1989)). CommonWealth cites this proposition in its briefing, see Obj. at 5-6, without expressly objecting to the F&R's findings that CFV's actions were not frivolous, unreasonable, or without foundation. Even if this court treats CommonWealth as having implicitly objected to those findings, this court finds no error in those findings. See Abordo v. State of Hawaii, 902 F. Supp. 1220, 1224 (D. Haw. 1995).

This court is unpersuaded by any of the five reasons advanced by CommonWealth for the proposition that CFV is not an innocent intervenor.

        1.    CommonWealth's Enforcement of Its Constitutional Rights Does Not Support Its Request for Attorneys' Fees.

First, CommonWealth argues that its prompt enforcement of its constitutional rights supports a request for an award of attorneys' fees. This argument seems to concede that CFV did not actually deprive CommonWealth of its constitutional rights. The court's focus is therefore on whether there was any prior finding that CFV engaged in unlawful activity. See Costco, 538 F.3d at 1134 (quoting Zipes, 491 U.S. at 762-63, 109 S. Ct. 2732). CommonWealth fails to point to such a finding. As CFV has never been found to have engaged in an unlawful activity, it is innocent for purposes of determining fee liability. See Costco,

7

538 F.3d at 1134 (finding the intervenor innocent for the purposes of determining fee liability under § 1988(b) because it was not liable under § 1983 for adhering to an unconstitutional state law).

CommonWealth complains that "the logic" of the Magistrate Judge's findings means that no intervenor could ever be held liable for attorneys' fees in a case involving a pre-enforcement constitutional challenge to a statute. See Obj. at 8. The F&R itself makes no such global statement; the Magistrate Judge's findings were clearly tied to the specific facts of the present case.

CommonWealth argues that the precedent for awarding fees against government agents and entities who were prevented from violating a plaintiff's constitutional by a declaratory judgment or injunction should also apply to intervenors. See Obj. at 7. In support of that argument, CommonWealth cites two cases from its original motion for attorneys' fees. See Runyon v. Fasi, 762 F. Supp. 280 (D. Haw. 1991); Yuclan Int'l v. Arre, 504 F. Supp. 1008 (D. Haw. 1980). As the Magistrate Judge stated, those cases did not involve the propriety of awarding fees against an intervenor.[1] See F&R at 11, n.6. The issue

---

[1] CommonWealth also cites to Council for Periodical Distributors Associations v. Evans, 827 F.2d 1483 (11th Cir. 1987), for the proposition that, when two or more defendants are jointly and severally liable for actively participating in a constitutional violation, all liable defendants should be liable

8

before this court and the Magistrate Judge is whether CFV, as an intervenor, is liable for fees. The authorities cited by CommonWealth do not speak to this issue.

2. CFV's Role in the Legislation Does Not Strip It of Innocent Intervenor Status.

Second, CommonWealth argues that CFV's "essential role" in securing the unconstitutional legislation prevents innocent intervenor status. This court agrees with the Magistrate Judge that Costco provides otherwise. See F&R at 15-17.

CommonWealth argues that Costco is distinguishable from the present case; it argues that the intervenor in Costco was not liable for fees because of the lack of evidence in the record that the intervenor lobbied for the unconstitutional law or that such lobbying was the reason for the enactment of the privilege. See Obj. at 9; Costco, 538 F.3d at 1134. CommonWealth says that the Magistrate Judge wrongfully characterized the Ninth Circuit's reasoning on this point as "secondary." See Obj. at 9. But this language was indeed secondary to the primary reason set forth by the Ninth Circuit for declining fees and expenses against the intervenor in Costco. The complete context for the language upon which CommonWealth relies establishes this:

---

for attorneys' fees. See Obj. at 18-19. As the Magistrate Judge stated, Evans was inapposite as it did not involve intervenors, but instead addressed the liability of the named defendants. See F&R 12-13 n.7.

9

> Costco contends that WBWWA is not innocent
> because its lobbying led the Washington
> Legislature to pass the unconstitutional
> direct-sales privilege. This argument is
> also at odds with Zipes because it suggests
> that an intervenor may be found blameworthy
> without any prior finding of liability for
> engagement in unlawful activity. See 491 U.S.
> at 762-63, 109 S.Ct. 2732. Moreover, there
> is no evidence in the record that WBWWA
> lobbied for the direct-sales privilege or
> that such lobbying was the reason for the
> enactment of the privilege.

Costco, 583 F.3d at 1134. The Ninth Circuit clearly rejected the argument that "lobbying makes an intervenor non-innocent" as being "at odds" with the requirement in Zipes that an intervenor liable for fees have been the subject of a "prior finding of liability for engagement in unlawful activity." Id.

Citing United States v. Bond, 552 F.3d 1092 (9th Cir. 2009), CommonWealth asserts that the Costco language regarding the absence of evidence of lobbying or the effect of lobbying, even if dicta, must be treated as binding circuit law "regardless of whether it was in some technical sense 'necessary' to [the] disposition of the case." Id. at 1096; Obj. at 9-10. This court does not read that statement in Bond as turning every Ninth Circuit utterance into binding circuit law. Instead, that statement in Bond appears to refer to the import of statements of law, even if in dicta. The reference in Costco that CommonWealth would elevate to the status of binding circuit law is a factual description of the record in Costco, not a legal proposition at

all.  The quoted Bond statement about binding circuit law simply does not apply to that factual description in Costco.

In its Objections, CommonWealth expands and misrepresents the scope of what this court ruled in its SJ Order.  In a footnote, this court stated that CFV lessees played an essential role in advocating for passage of Act 189.  See SJ Order 43 n.4.  While this court noted that CFV had sponsored Act 189 and lobbied for its passage, this court did not find such sponsorship or advocacy unlawful.  It was Act 189 that was unlawful, not the effort to get it passed.  CFV's lobbying activity does not strip it of its innocent intervenor status.  There must be a prior finding of liability against CFV for having engaged in unlawful activities, and CommonWealth fails to demonstrate that any such finding exists.

          3.      CFV's Alleged Violation of State Ethics Laws Does Not Preclude CFV's Innocent Intervenor Status.

Third, CommonWealth argues that CFV is not an innocent intervenor given its alleged violation of state ethics laws.  This court agrees with the Magistrate Judge that this argument in unavailing.  See F&R at 17.  As CommonWealth recognizes, the State Ethics Commission enforces state ethics laws.  See Obj. at 13 n.6.  This court is not the body charged with determining in the first instance whether those laws have been violated.  Whether CFV complied with those laws was therefore not properly

11

before this court for a decision. The record contains no suggestion that the State Ethics Commission has found a violation of law by CFV.

CommonWealth proposes that this court defer ruling on its motion for fees and costs until the State Ethics Commission rules on the matter. While hoping that a delay will result in a ruling by the State Ethics Commission that CFV engaged in unlawful activity, thereby providing the prior finding of illegality required by Costco, CommonWealth cannot suggest any date by which that might occur.

CommonWealth has already been granted two extensions. The Magistrate Judge gave CommonWealth an extension of time to file its original attorneys' fee motion. See F&R at 19. The F&R noted that it was possible that had the motion been filed within 14 days of the entry of judgment, the Magistrate Judge would have issued its F&R before the ethics complaint was even filed. After the F&R issued, the Magistrate Judge also granted CommonWealth's request to extend the deadline for filing objections to the F&R. No additional deferral is appropriate.

       4.   CommonWealth Misreads the F&R.

Fourth, citing to page 9 of the F&R, CommonWealth complains that the Magistrate Judge incorrectly concluded that a finding of the intervenor's illegal action must be made in the merits litigation before the attorneys' fee litigation. Obj. at

13-14. Page 9 of the F&R contains no such statement. The Magistrate Judge did not state such a broad rule regarding when a determination of unlawful activity must be made.

Throughout its Objections, and again in connection with this argument, CommonWealth relies on Sable, in which the Ninth Circuit explained that a private intervenor is liable for attorneys' fees if the private intervenor "acted jointly with . . . state officials under a procedural scheme created by the state." Sable, 890 F.2d at 189. CommonWealth analogizes CFV's actions to those of the intervenors in Sable. See Memo. in Support at 5-7, ECF No. 113; Obj. at 4-5, 14, ECF No. 126.

Sable involved a written policy by telephone carriers to lobby law enforcement agents to prosecute Sable. Sable, 890 F.2d at 187. The "substantial cooperation" prong of the joint participation test from Sable requires that the private party invoke the aid of state officials to take advantage of state-created procedures. Sable, 890 F.2d at 189. The Ninth Circuit held that the lobbying and petitioning of government officials to enforce a section of the California penal code satisfied the substantial cooperation requirement. Id.

CFV did not invoke the aid of state officials to take advantage of state-created procedures. CFV sought passage of Act 189. See Obj. at 5. CFV did not seek to have state officials aid CFV's lobbying activities. At most, CFV sought to persuade,

13

through lobbying activities, legislators to pass Act 189. Treating citizens who seek passage of a law as jointly participating with state actors would render every citizen advocating legislation a "joint participant." <u>Sable</u> does not go that far.

Furthermore, the Magistrate Judge noted that CommonWealth's heavy reliance on the joint participation theory appeared to be at odds with its strong opposition to CFV's motion to intervene, and its failure to name CFV as a defendant. <u>See</u> Order at 14 n.9 ("It would seem that if Plaintiffs genuinely believed that CFV was a joint participant, subject to liability, they would have named CFV as a defendant."). This court agrees that CommonWealth's position that CFV was a "joint participant" with the State would be more credible had it named CFV as a defendant. Instead, Commonwealth fought to keep CFV out of this litigation. <u>See</u> ECF No. 37.

                5.      Equity Favors Not Holding CFV Liable for Attorneys' Fees and Expenses.

Fifth, CommonWealth argues that the equities favor awarding attorneys' fees to CommonWealth. CommonWealth says that an award of attorneys' fees would further a primary goal of the Attorney's Fees Awards Act and stimulate voluntary compliance with the law. The court is unpersuaded.

Equity actually demands that CFV, a nonprofit

14

intervenor, not be liable for CommonWealth's attorneys' fees and expenses, given CommonWealth's voluntary decision to bargain away its ability to seek recovery of those amounts from the Governor. CommonWealth waived its right to seek recovery of these same fees and expenses from the only Defendant against which it filed this litigation.

A finding that CFV is liable for attorneys' fees and expenses could have the effect of stifling citizens' participation in the legislative process for fear that their support of legislation might later be used against them if the legislature passes an act that the judiciary subsequently deems unconstitutional. The court agrees with the Magistrate Judge's assessment that "It is disingenuous for Plaintiffs to suggest that assessing over $1.5 million in fees and expenses against CFV would not chill Plaintiffs' tenants' ability to petition the legislature or exercise their own constitutional rights." F&R 9 at n.3.

  B.  <u>CommonWealth's Attorneys' Fees and Costs Are Excessive and Unreasonable.</u>

Even if CommonWealth did establish entitlement to fees and costs from CFV, it does not establish the reasonableness of the amounts sought. CommonWealth seeks $1,447,424.21 in fees and $65,525.55 in costs. After <u>de novo</u> review, the court adopts the F&R regarding the grossly excessive and disproportionate attorneys' fees. For example, CommonWealth asks for repayment of

15

its senior legal assistant at a rate of $285 per hour. This court has recently found that $285 per hour is the prevailing rate in this community for attorneys with 20 to 30 years experience. See Sound v. Koller, Civil No. 09-00409 JMS-KSC, 2010 WL 1992198, *5 (D. Haw. March 5, 2010).

CommonWealth bases the amount of its fee request largely on its assertion that this case required attorneys with specialized expertise in constitutional law. This lawsuit, however, did not require specialized constitutional expertise. Any number of experienced local attorneys could have effectively litigated this case at rates far below those claimed by CommonWealth. See F&R 23.

V. CONCLUSION.

The court adopts the F&R in its entirety. CFV is an "innocent intervenor" under Zipes and Costco. CFV has not been found liable for engaging in unlawful activity. Having reviewed de novo the Magistrate Judge's detailed and thorough F&R, the court adopts it in full.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii February 25, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

CommonWealth Properties Trust et al, v. Lingle and Citizens for Fair Valuation, Civ. No. 09-00375 SOM/KSC; ORDER ADOPTING FINDINGS AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES.